## STATE *v.* PHIPPS

No. 2840

December 19, 1929.                    282 P. 1024.

*Wm. M. Kearney* and *N. W. Willis,* for Appellants:

*M. A. Diskin,* Attorney-General, *Wm. J. Forman,* Deputy Attorney-General, and *John R. Ross,* District Attorney, for Respondent:

## OPINION

By the Court, SANDERS, J.:

Appellants, hereafter called defendants, were tried upon an information charging them with the crime of grand larceny, but were convicted of the crime of petty larceny, alleged to have been committed in the manner following, to wit: "That said defendants on the 12th day of July, A. D. 1927, or thereabouts, and before the filing of this information, at and within the County of Lyon, State of Nevada, did commit the crime of grand larceny in the manner following: that the said A. S. Phipps, Frank Boarth, George Kalember, did on or about the 12th day of July, A. D. 1927, at Mason Pass, Lyon County, Nevada, wilfully, unlawfully, maliciously and feloniously steal, take and carry away, from the Hilltop Mining Claim, situate in the Mason Pass Mining District, certain personal property then and there belonging to and being owned by one J. L. McMahon, to wit: one 12' x 12' wooden cabin, 400 feet of 8 pound rails, one car truck, twenty-two pieces of steel, blacksmith tools, 100 feet of ladder skidways; all of which was then and there the property of J. L. McMahon, and all of which was then and there of a value greater than fifty dollars."

The defendants appealed from the judgment pronounced against them upon a verdict of the jury finding them guilty of petty larceny, and from an order denying and overruling their motion for new trial.

The record discloses: That the prosecuting witness, J. L. McMahon, for a long time prior to and at the time of the alleged commission of the offense charged, was the owner and in constructive possession of the Hilltop lode mining claim and the personal property thereon. That prior to and at the time of the commission of the offense defendants George Kalember and Frank Boarth

were in the possession and occupancy of a group of mining claims under lease, called the Blue Bird Nos. 1, 2, and 3, and were engaged in mining thereon. Prior to and at the time of the alleged commission of the offense the defendant A. S. Phipps was engaged in the business of funeral director and undertaker in the town of Yerington.

The testimony shows that the defendant George Kalember, a miner and prospector, feeling himself obligated to Phipps for past favors shown him, proposed to Phipps that, should he in the course of his business as prospector make a discovery worthy of location, he would locate Phipps in on the location. To this end Phipps supplied Kalember with a number of blank notices of locations and signed his name in blank thereon. Thereafter the defendants Boarth and Kalember, while engaged in mining upon the Blue Bird group of claims, made a discovery upon what they considered to be an abandoned mining location called the Hilltop lode mining claim, situate about a mile distant from the Blue Bird group. Before posting a notice of location thereon Kalember communicated with Phipps and requested him to search the records and find out whether any certificates of annual labor, as required by law, had been placed upon the records in the recorder's office in Lyon County, at Yerington, by McMahon or his agent or agents. Finding no such certificate upon the record Phipps communicated the fact to Kalember. Thereupon Kalember and Boarth went upon the Hilltop claim, destroyed the notice of location posted thereon by McMahon, and posted a notice of relocation signed by A. S. Phipps and Frank Boarth, and witnessed by George Kalember. The reason assigned for Kalember's name not appearing upon the notice as locator was that he was an alien.

The testimony discloses that the notice as posted was partly filled in in the handwriting of the defendant Phipps. The notice was one of those which Phipps had furnished Kalember. After posting the notice the defendants Boarth and Kalember returned to the Blue

Bird group, and several days thereafter returned to the Hilltop claim; relocated by them as the Comstock shaft, and removed therefrom the personal property described in the information, and placed it upon one of the Blue Bird group of claims upon which they were mining.

Upon the trial the defendants Boarth and Kalember defended upon the ground that they openly and under claim of right removed the property from the Hilltop claim and appropriated it to their own use in operating their lease upon the Blue Bird group.

Upon the trial the defendant Phipps defended upon the grounds that he was not present at the time of the removal of the property by his codefendants; that he knew nothing of its removal, had no part therein and that it was removed without his knowledge or consent; that he had no knowledge of its removal until the controversy arose over its removal; that he had no interest in the Blue Bird group or in the lease of his codefendants, and was not in any way connected with them in mining the ground.

Upon the trial the theory of the state was that the relocation of the Hilltop lode mining claim by the defendants was a manufactured scheme and subterfuge to enable defendants, under the guise of law, to take, steal, and carry away the property of another, and thus establish an alibi should they at any time be charged with its theft.

There was no evidence proving or tending to prove the guilt of the defendant Phipps, either as principal or accessory. The state, however, insists that the fact that the relocation notice as posted upon the ground had been partially filled out in the handwriting of the defendant Phipps and signed by him, and the further fact that Phipps made conflicting statements respecting the notice of relocation was sufficient evidence to connect him as an accessory before the fact with the commission of the offense as charged.

██ The contention is without merit. It is a well-recognized rule of law that, before a witness can be discredited as to any portion of his testimony because

of contradictory statements, he must willfully swear falsely upon material matter, Underhill on Criminal Evidence (2d ed.), sec. 241, and it is usual for trial courts to so instruct the jury where such a question is involved.

In this case the defendant Phipps must not only have testified falsely, but he must have done so willfully, and such willful false testimony must have been as to a material fact. The matter concerning which it is alleged Phipps testified falsely is as to the notice of location posted upon the Hilltop claim. He testified that the only writing he placed upon it was his signature; that he wrote his name on some blanks to be used in case of a discovery of mineral ground by Kalember, subject to location under the state and federal laws. The state introduced expert testimony to show that certain other matter in the body of the notice in question was written by the same person who wrote defendant Phipp's name at the bottom of the notice. The additional matters are the words "quartz" and "located about six miles north and four miles west from the Yerington Depot, followed by compass directions N. E. and S. W."

■■ Assuming that Phipps willfully testified falsely, and that he did write the words stated in the notice, it is not such a material matter as would justify the jury in discrediting his testimony. It did not matter whether the claim was in a westerly, northerly, southerly, or easterly direction from the Yerington depot, nor was it material that the word "quartz" be in the location certificate. Furthermore, it is manifest that Phipps did not willfully testify falsely as to this matter, for the reason that he had repeatedly stated before and after his arrest that he knew about the general direction of the claim before it was located; that he had examined the records to ascertain if the annual labor on the Hilltop claim, a former location of the ground, had been performed.

■ We are clearly of opinion that there was no evidence proving or tending to prove an act of guilty intent,

on the part of defendant Phipps, to take, steal, or carry away the personal property on the Hilltop claim as charged in the information.

■ But as to Kalember and Boarth, the sole question presented to the jury was whether or not they removed and carried away the personal property from the Hilltop claim under a claim of right, or with larcenous intent. The jury having found against their defense that the property was taken under a claim of right upon the theory that they honestly believed that the claim was open to location and the property thereon became theirs by virtue thereof, we are in no position to disturb the verdict of the jury as to their guilt.

■ It is strongly insisted in argument on behalf of the defendants that the court erred in charging the jury as to petty larceny, in that it failed to state that the jury must find the taking to have been with felonious intent. The instruction was substantially in the language of the statute defining petty larceny. This was sufficient, and no error was committed in this respect.

The judgment of conviction of the defendant Phipps is reversed, and, as against defendants Boarth and Kalember, is affirmed.